**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| SHANA SCOTT, | Case No. 1:23-cv-293 |
| Plaintiff, | Judge: |
| v. | |
| | PLAINTIFF'S COMPLAINT |
| GRANAZCONSTRUCTION, LLC | |
| Defendant. | |

COMES NOW Plaintiff Shana Scott ("Plaintiff"), by and through her undersigned legal counsel, and for her Complaint against Defendant Granazconstruction, LLC alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. Plaintiff is a resident of Ohio and is a resident of this judicial district. She is a former employee of Defendants.

2. Defendant Granazconstruction, LLC is a Domestic, For-Profit Limited Liability Company in Ohio.

3. Defendant Granazconstruction, LLC's principal place of business located at 670 Meridian Way, Suite 146, Westerville, Ohio 43082.

4. The Court has jurisdiction over Plaintiff's Complaint because her claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

5. The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same transaction or occurrence and share a common nucleus of operative fact with her federal claims.

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein and Defendant is otherwise subject to the personal jurisdiction of Ohio and this Court.

## FACTUAL ALLEGATIONS

7. Defendant Granazconstruction, LLC is a construction and real estate management group.

8. Plaintiff was employed by Defendant from June 27, 2022, to September 26, 2022 as the Business Development & Hospitality Assistant Manager.

9. Defendant agreed to pay Plaintiff $27 per hour.

10. At the beginning of her employment, Plaintiff was classified as an independent contractor despite Defendant exercising complete control over her work.

11. Plaintiff was required to attend daily meetings for her assigned tasks, be on site for construction and partnership events, and report to the office.

12. The agreement further provided that Defendant would convert Plaintiff to a W-2 employee after the conclusion of a 90-day "probation period." Upon information and belief, Plaintiff's job duties would not have changed after the "probation period."

13. Plaintiff routinely worked in excess of 40 hours per week. However, Defendants have failed and refused to fully compensate her for the work she performed.

14. Plaintiff remains uncompensated for wages she earned during her employment with Defendants.

## CAUSES OF ACTION

### Count I: Violation of the Fair Labor Standards Act

15. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendants violated the FLSA, 29 U.S.C. § 207 by failing and refusing to compensate Plaintiff at the required overtime rate for hours worked in excess of 40 in a workweek,.

16. Defendant is an "employer" within the meaning of the FLSA.

17. Plaintiff is an "employee" within the meaning of the FLSA.

18. Defendant has failed to remit the federal overtime wage to Plaintiff for hours worked during the pay period described above.

19. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count II: Violation of Ohio Revised Code § 4111.03

20. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendants violated Ohio Rev. Code § 4111.03 by failing and refusing to compensate Plaintiff the required overtime wage.

21. Defendant is an "employer" under Ohio law.

22. Plaintiff is an "employee" under Ohio law.

23. Defendant has failed to remit the state overtime wage to Plaintiff for hours worked in the pay periods described above.

24. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count III: Violation of Ohio Revised Code § 4113.15(B)

25. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendant violated Ohio Rev. Code § 4113.15(B), the Ohio Prompt Pay Act ("OPPA"), by failing and refusing to compensate Plaintiff in a timely fashion.

26. OPPA mandates employees be paid in a timely fashion and provides penalties for an employer's failure to provide prompt payment.

27. Defendant has failed and refused to fully compensate Plaintiff for the work she performed for Defendant.

28. As a direct and proximate result of Defendant's unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff here by demands judgment against Defendants as follows:

1. Judgment that Plaintiff is an employee entitled to protection under the FLSA and Ohio State law;

2. Judgment against Defendant for violation of the minimum wage provisions of the FLSA and Ohio state law;

3. Judgment that the Defendant's violations of the FLSA were willful;

4. Judgment against Defendant for violation of the ORC § 4113.19;

5. An award to Plaintiff for the amount of unpaid wages owed, and liquidated damages under federal and state law;

6. An award of double damages for violation of Ohio Rev. Code § 4113.19 as described under Ohio Rev. Code § 4113.20;

7. For an award of damages in accordance with Ohio Rev. Code § 4113.15(B);

8. An award of post-judgment interest;

9. An award of reasonable attorneys' fees and costs; and

10. For other and further relief, in equity, as this Court may deem appropriate.

/s/ *Matthew S. Okiishi*
Matthew S. Okiishi (Ohio Bar No. 0096706)
FINNEY LAW FIRM LLC
4270 Ivy Pointe Blvd., Ste 225
Cincinnati, Ohio 45245
(513) 943-6659
Fax: (513) 943-6669
matt@finneylawfirm.com

*Counsel for Plaintiff*